IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. KYLE ANTHONY DOOLIN, Defendant. | No. CR98-0039 ORDER FOR DETENTION PENDING HEARING |

On the 29th day of December 2008, this matter came on for a Detention Hearing. The Government was represented by Assistant United States Attorney Patrick J. Reinert. Defendant Kyle Anthony Doolin appeared personally and was represented by his attorney, Michael M. Lindeman.

On December 23, 2008, Senior United States Probation Officer Matthew Warren filed a Petition for Warrant (docket number 206) alleging that Defendant has violated the terms of his supervised release. A warrant was issued for Defendant's arrest and he was seen initially by the Court on December 23. A revocation hearing is scheduled before Chief Judge Linda R. Reade on January 6, 2009. The issue before the Court is whether or not Defendant should be detained pending that hearing.

"Rule 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release." FED. R. CRIM. P. 46(d). A magistrate judge may release or detain the defendant under 18 U.S.C. § 3143(a) pending a revocation hearing before the District Court. FED. R. CRIM. P. 32.1(a)(6). "The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the person." *Id.*

At the time of hearing, Senior United States Probation Officer Matthew Warren testified regarding the circumstances underlying the petition for warrant. On December

1

23, 2008, Defendant called Officer Warren and reported that he had been arrested and released on state court charges of assaulting his wife. According to a police report attached to the petition, Officer Shawn Hall was dispatched to St. Luke's Hospital on December 20 regarding a domestic assault. At that time, Defendant's wife reported to the officer that Defendant assaulted her during the late evening hours of December 19 and continuing during the early morning hours of December 20. At that time, she claimed that Defendant had punched, kicked, and choked her, and had slammed her head into a concrete floor. Officer Hall prepared a written statement which Defendant's wife read and signed. Defendant's wife suffered a broken nose, broken right cheekbone, and lost consciousness.

Defendant's wife called Officer Warren on December 23 (the same day Officer Warren was contacted by Defendant) and recanted her story. At that time, Defendant's wife claimed that she slipped and fell on the ice. According to the police report, after Defendant's wife left the house, she went to the home of a friend and then went to her grandfather's house. The grandfather took her to the hospital. The record is silent regarding what Defendant's wife may have told those persons immediately following the incident. In addition, the record is silent regarding statements made by Defendant's wife to medical personnel.[1] Defendant's supervised release was previously revoked on November 22, 2006. Among other things, the Court found at that time that Defendant committed an assault against another person by striking him in the right ear with his fist.

Defendant did not offer any evidence at the instant hearing. The Court concludes that he failed to meet his burden of establishing that he would not pose a danger to the community if he were released pending the revocation hearing. FED. R. CRIM. P. 32.1(a)(6). There is probable cause to believe that Defendant violently assaulted his wife. Defendant has a history of assaultive behavior. The Court does not

---

[1] The written statement given by Defendant's wife on December 20 was not offered into evidence at the detention hearing.

2

find clear and convincing evidence that Defendant would not pose a danger to the community if released pending the hearing. 18 U.S.C. § 3143(a)(1). Accordingly, the Court finds that Defendant should be detained pending the hearing.

## ORDER

IT IS THEREFORE ORDERED that Defendant shall be detained pending the revocation hearing before Chief Judge Linda R. Reade on January 6, 2009.

DATED this 29th day of December, 2008.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA